

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

May 31, 2006

**FILED**

JUL 13 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

W. Gregory Spencer, Esq.
Federal Public Defender
625 Indiana Ave., N.W.
Suite 550
Washington, DC 20001

Re: U.S. v. Robert M. Cromwell, CR 06-69 (RMC)

Dear Mr. Spencer:

This letter sets forth the plea agreement that the United States Attorney's Offices for the District of Columbia and the District of Maryland are willing to enter into with your client, Robert M. Cromwell ("your client" or "the defendant"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

1. **Charges**. Your client agrees to plead guilty to Count Two of the Indictment in this case charging him with violating 18 U.S.C. §§2252(a)(1), (b)(1) and 2256, Transporting or Shipping Material Involving Sexual Exploitation of Minors, and to an Information charging him with one count of violating 18 U.S.C. § 2252(a)(4)(B), (b)(2) and 2256, Possessing Material Constituting or Containing Child Pornography. The Information, a copy of which is attached, will be filed in the United States District Court for the District of Maryland, and at the defendant's written request and with the written consent of the United States Attorneys in both districts, that prosecution will be transferred for plea and sentence to the District of Columbia in accordance with the procedures set forth in Rule 20 of the Federal Rules of Criminal Procedure. The government agrees to dismiss the remaining counts of the Indictment in this case at the time of sentencing and not to bring any additional charges against your client in connection with his transporting or shipping child pornography to an undercover police officer on February 8 and May 11, 2005, and his possession of child pornography on February 8, May 11, and September 29, 2005.

2. **Potential penalties, assessments, and restitution**. Your client understands that pursuant to 18 U.S.C. §§ 2252(a)(1) and (b)(1), 3571(b)(3) and 3583(b)(1), Transporting or Shipping Material Involving Sexual Exploitation of Minors carries a maximum sentence of not less than 5 years and

not more than 20 years imprisonment, a fine of not more than $250,000, or both, and a period of supervised release of not more than five years. Your client further understands that pursuant to 18 U.S.C.§§ 2252(a)(4)(B) and (b)(2), 3571(b)(3) and 3583(b)(2), Possessing Material Constituting or Containing Child Pornography carries a maximum sentence of not more than ten years imprisonment, a fine of not more than $250,000, or both, and a period of supervised release of not more than three years. In addition, your client agrees to pay a special assessment of $200 to the Clerk of the United States District Court prior to the date of sentencing. See 18 U.S.C. § 3013. Your client further understands that, pursuant to §5E1.2 of the United States Sentencing Guidelines ("Sentencing Guidelines"), the Court may also impose a fine sufficient to pay the federal government the costs of any imprisonment. Your client understands that the sentence in this case will be determined by the Court, guided by the factors listed in 18 U.S.C. § 3553(a) and after consulting and taking into account the Sentencing Guidelines.

3. **Release/Detention pending sentencing**. The government will not seek your client's detention pending sentencing if your client continues to comply with all release conditions set by the Court, complies with the terms of this agreement, and commits no further crimes. However, your client acknowledges that the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's guilty plea.

4. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

5. **Sentencing Guidelines**. The parties to this agreement agree that the Guideline applicable to the offenses to which your client is pleading guilty is §2G2.2. The parties agree that the applicable base offense level for Transporting or Shipping Material Involving Sexual Exploitation of Minors is 22 under §2G2.2(a)(2). Your client agrees that the following Specific Offense Characteristics shall be applied in connection with that offense: (1) a 2 level increase, under §2G2.2(b)(2), because the pornographic material involved prepubescent minors and/or minors under

the age of twelve years; (2) a 5 level increase, under §2G2.2(b)(3)(B), because the offense involved distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain; (3) a 2 level increase, under §2G2.2(b)(6), because the offense involved the use of computer or an interactive computer service; and (4) a 3 level increase, under §2G2.2(b)(7)(B), because the offense involved at least 150, but fewer than 300, images of child pornography. Accordingly, the parties agree that the defendant's adjusted offense level for the offense of Transporting or Shipping Material Involving Sexual Exploitation of Minors shall be 34.

The parties further agree that the applicable base offense level for Possessing Material Constituting or Containing Child Pornography is 18 under §2G2.2(a)(1). Your client agrees that the following Specific Offense Characteristics shall be applied in connection with that offense: (1) a 2 level increase, under §2G2.2(b)(2), because the pornographic material involved prepubescent minors and/or minors under the age of twelve years; (2) a 2 level increase, under §2G2.2(b)(6), because the offense involved the use of computer or an interactive computer service; and (3) a 5 level increase, under §2G2.2(b)(7)(D), because the offense involved 600 or more images of child pornography. Accordingly, the parties agree that the defendant's adjusted offense level for the offense of Possessing Material Constituting or Containing Child Pornography shall be 27.

If your client continues to accept responsibility for his criminal conduct and to assist authorities in the investigation and prosecution of his criminal conduct, commits no other criminal acts, and complies with the terms and conditions of this agreement, then the United States (i) will file a motion pursuant to §3E1.1(b) of the Sentencing Guidelines and not oppose a three level reduction in the defendant's offense level for his acceptance of responsibility pursuant to §3E1.1 and (ii) will not seek any other upward adjustments under Chapters 2 and 3 of the Guidelines or an upward departure from the Guideline range on the basis of any information known to the United States as of the date of this Agreement and (iii) will not object to a sentence at the low end of the applicable Guideline range. The defendant understands that the Court remains free to impose an upward adjustment or departure despite the government's conditional agreement not to do so. The defendant agrees not to request any downward adjustments under Chapters 2 and 3 of the Guidelines, other than for Acceptance of Responsibility, or a downward departure from the Guideline range on any basis.

The parties agree that the defendant's Criminal History Category will be calculated to include any applicable convictions.

Nothing in this agreement limits the right of the defendant to suggest that the Court consider a sentence outside of the applicable Guideline sentence based upon the factors to be considered in imposing sentence set forth in Title 18, United States Code, Section 3553(a).

Your client fully and completely understands that the final determination of his sentence will be made by the Court, which must consult and take into account the Sentencing Guidelines but is not bound by those Sentencing Guidelines. Your client understands that the failure of the Court or the Probation Office to determine the guideline range in accordance with the above calculations will

not void this plea agreement or serve as a basis for the withdrawal of this plea. Your client understands and agrees that your client will not be allowed to withdraw the guilty plea entered pursuant to this plea agreement because of the harshness of any sentence recommended by the Probation Office or imposed by (or expected from) the Court, or the rejection of any sentencing argument by the Probation Office or the Court. A motion to withdraw the plea on that basis may be treated by the United States as a breach of this plea agreement.

6. **Reservation of allocution**. The parties each reserve the full right of allocution for purposes of sentencing. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The parties each reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

The parties each retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The parties also each reserve the right to appeal the sentence in this case.

The government and your client agree, in accordance with §1B1.8 of the Sentencing Guidelines, that the government will be free to use against your client for any purpose at the sentencing in this case any self-incriminating information provided by your client pursuant to this agreement.

7. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Offices for the District of Columbia and the District of Maryland. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; U.S. Immigration and Customs Enforcement; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. If your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case will subject your client to detention, deportation and other sanctions at the direction of the U.S. Immigration and Customs Enforcement.

8. **Sexual Offender Registration**. Your client acknowledges and agrees that pursuant to 18 U.S.C. §§ 3563 and 3583, he is required to register as a sexual offender as a mandatory condition of probation and/or supervised release. Specifically, your client must report the address where he will reside and any subsequent change of residence to the probation officer responsible for his supervision and he must register in any State where he resides, is employed, carries on a vocation, or is a student. Additionally, your client agrees that as a term of this agreement, and as a specific term of probation or supervised release, he will register his current address, fingerprints and current photograph with the Federal Bureau of Investigation for inclusion in its national sexual offender

database. He further agrees that he will notify the FBI and the State in which he establishes a new residence, not later than 10 days after he establishes a new residence, of the change, and will register a current address, fingerprints and photograph with the FBI and the State.

9. **Breach of agreement**. Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the United States will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him/her for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

10. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and Assistant United States Attorneys for the District of Columbia and the District of Maryland, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

Sincerely,

Rod J. Rosenstein
United States Attorney
District of Maryland

Kenneth L. Wainstein
United States Attorney
District of Maryland
D.C. Bar #451058

Donna Sanger
Assistant U.S. Attorney
District of Maryland

Angela G. Schmidt
Assistant U.S. Attorney
District of Columbia
Texas Bar #17764980

**Defendant's Acceptance**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am entering this agreement because I am guilty of the crime to which I am pleading guilty.

6-20-06
Date

Robert M. Cromwell

Robert M. Cromwell

**Defense Counsel's Acknowledgment**

I am Robert M. Cromwell's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

6-20-06
Date

W. Spencer

W. Gregory Spencer
Counsel for Mr. Cromwell