## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| v. | ) **Criminal Action No. 06-69 (RMC)** |
| | ) 06-206 (RMC) |
| | ) |
| | ) |
| **ROBERT M. CROMWELL,** | ) **FILED** |
| | ) |
| **Defendant.** | ) NOV **1** 4 2006 |
| | ) |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### SENTENCING MEMORANDUM

On July 13, 2006, Robert Cromwell entered a plea of guilty to one count of Transporting or Shipping Material Involving Sexual Exploitation of Minors, in violation of 18 U.S. Code §§ 2252(a)(1), (b)(1) [Count 2 of the Indictment in No. 06-069], and to one count of Possessing Material Constituting or Containing Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) [Count 1 of the Information in No. 06-206]. He came on for sentencing on November 3, 2006, at which time the Court had before it sentencing memoranda submitted by the United States and the Defendant, Witness Impact Statements submitted by the United States, and the Presentence Investigation Report ("PSR") prepared by the Probation Office. After argument and presentations by the Defendant and his wife, the Court sentenced Mr. Cromwell to a term of incarceration of 84 months on Count 2 of the Indictment and Count 1 of the Information, to be served concurrently. Because this sentence was below the sentence proposed by the U. S. Sentencing Guidelines of 121-151 months, the Court writes this Sentencing Memorandum to detail the reasons for its sentence.

The instant offenses (one in the District of Columbia and one in Maryland) are the first and only arrest and conviction of the Defendant. He possessed and distributed child

pornographic materials via the Internet involving images of victims from infancy to age 14. Although the Defendant was a voyeur and not a manufacturer of child pornography, the Court specifically found – based on the Victim Impact Statements and the photographic exhibit presented by the Government at the sentencing hearing – that these were not "victimless" crimes. In addition, the mandatory minimum sentence for Count 2 is five years custody.

The Court first agreed with the PSR that the Total Offense Level was 32 and the Defendant's Criminal History Category was 1, resulting in a Guideline sentence of 121-151 months and a supervised release period of 3 years to life. The Court then noted that the Defendant was employed until recently when he was terminated because of media attention to the offense. Prior to commission of the instant offenses, the Defendant led a seemingly law-abiding life: He has no prior criminal record, has maintained constant past employment, is a high school graduate, has no substance abuse or alcohol related problems, and has the support of his family (although he and his wife were separated at the time of the instant offenses, they have now reconciled and she spoke in his favor at the sentencing hearing). He has never experienced a custodial lifestyle. A report submitted on behalf of the Defendant by Dr. Carole Giunta, a clinical and forensic psychologist, stated that the Defendant experienced a period of deep depression due to unrelated events in his personal life during the period of his activity on the Internet. When FBI agents executed a search warrant and seized his computer, on September 29, 2005, the Defendant gave an immediate and complete written confession after waiving his *Miranda*[1] rights. He was not arrested until six months later, on March 18, 2006, during which period of time he continued to work and never attempted to flee. He has been in complete compliance with all terms of release.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Any sentence must be directed to the (1) seriousness of the offense; (2) promote respect for law; (3) provide just punishment; (4) afford adequate deterrence from future criminal conduct; (5) protect the public; and (6) provide a defendant with needed educational or vocational training and medical care. 18 U.S.C. § 3553(a); *see also United States v. Booker*, 543 U.S. 220, 260 (2005). Count 2 requires the imposition of a mandatory period of incarceration of 60 months and defense counsel argued that, under the mitigating circumstances summarized above, such a sentence would be sufficient. The Government sought a sentence at the low end of the Guideline range, primarily due to its fears of recidivism for this kind of conduct.

The Court refused to accept defense counsel's recommendation of a sentence of 60 months, the minimum required by statute. Despite the impressive mitigating factors present in the Defendant's life, the Court determined that the information before it counseled a higher sentence, *i.e.*, the Victim Impact Statements and the expressed policy of Congress in enacting the Adam Walsh Child Protection and Safety Act of 2006, H.R. 4472, 109th Congress, 2nd Sess. § 501(1)(A) (2006), that "[t]he illegal production . . . *and possession of child pornography* . . . is harmful to the physiological, emotional, and mental health of the children depicted in child pornography and has a substantial and detrimental effect on society as a whole" (emphasis added). As stated at the sentencing hearing, because of the victim impact on young children, the Court sentenced the Defendant to a term of incarceration of 84 months, with a term of supervised release of ten (10) years on both Counts, served concurrently, thereafter. Inasmuch as *this* Defendant had no prior record, demonstrated credible remorse, and has the possibility, according to Dr. Giunta, of not engaging in recidivist behavior, the Court found that the mitigating factors in his life outweighed the generic

-3-

concerns of the Government concerning the prospects for recidivism by the majority of persons so convicted.

DATE: November 14, 2006

ROSEMARY M. COLLYER
United States District Judge